**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS PABLO MARTIN,

Petitioner,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 23-2278

Agency No.
A213-078-408

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 21, 2025
San Diego, California

Before: WALLACE, MCKEOWN, and OWENS, Circuit Judges.

Petitioner Luis Pablo Martin, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("Board") decision affirming an immigration judge's ("IJ") denial of his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the Board's legal conclusions de

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

novo and the Board's factual findings for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We deny the petition for review.

1. *Notice to Appear.* Martin argues his removal proceedings should have been terminated based on an allegedly defective Notice to Appear, and that we should remand this action to the IJ to apply *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022), under which he asserts he timely objected to the noncompliant notice as violating a claim-processing rule. However, Martin failed to exhaust his claims-processing argument in front of the IJ and the Board, *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), and Martin's jurisdictional arguments based on the Notice to Appear fail, *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–91 (9th Cir. 2022) (en banc). We therefore reject Martin's argument.

2. *Due Process.* Martin's bare assertion that the IJ violated his due process rights "by failing to act as a neutral fact finder and by failing to consider uncontested evidence created by the U.S. Government" is insufficient to state a claim and therefore fails. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010), quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

3. *Withholding of Removal.* Martin failed to establish a clear probability of persecution on a protected ground because he did not show (a) that he suffered past

persecution due to his Mam race, (b) that he was a member of a cognizable particular social group, (c) that the Guatemalan government is unwilling or unable to protect him, or (d) that he would suffer harm due to his perceived wealth. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021), quoting 8 U.S.C. § 1231(b)(3)(A) (holding that a noncitizen must show a clear probability that, if removed, their "life or freedom would be threatened 'because of [his or her] race, religion, nationality, membership in a particular social group, or political opinion.'"); *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (holding that a noncitizen's perceived wealth due to coming from the United States is not a protected ground). Accordingly, Martin's withholding of removal claim fails.

4. *CAT.* Substantial evidence supports the Board's denial of CAT relief because Martin failed to demonstrate that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture." (citation omitted)).

The temporary stay of removal remains in place until our mandate issues.

**PETITION FOR REVIEW DENIED.**